**SIMMERMACHER, Plaintiff-Appellant, v. EGES, et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21110.   Decided October 18, 1948.

George E. Beach, Cleveland, for plaintiff-appellant.
Philip Bartell, Cleveland, for defendants-appellees.

**OPINION**

By HURD, PJ.

This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland in an action for forcible entry and detainer tried to the court and a jury, wherein a verdict of "not guilty" was returned for the defendants and judgment entered thereon by the court.

The principal issue in the trial of the case was raised by the defense of the existence of a written lease interposed by the defendants. This lease contained a provision for a renewal thereof for a period of two years expiring February 24, 1949, on terms and conditions to be determined by the parties provided that written notice of the exercise of the option was given to the lessor at least thirty days prior to the expiration of the lease.

All issues of fact were determined by the jury in favor of the defendants as disclosed by their answers to eleven interrogatories submitted by the court at the request of the plaintiff  The answers to the interrogatories were entirely consistent with the general verdict finding the right of possession in the defendant.

The interrogatories and the answers thereto are as follows:

"1. Was plaintiff, Anna M. Simmermacher ever at any time prior to December 31, 1947, when she saw a copy of the purported lease upon which defendants rely (Defts. Exhibits A or D) at attorney's Bartell's office, aware of the existence of said purported lease?

Ans. Yes.

2. (a) Did plaintiff sign or execute at the place toward the end thereof provided for signature either copy of the purported lease on which defendants rely (defts. Exhibits A or D)?

Ans. Yes.

(b)  If your answer to (a) supra be in the affirmative, did plaintiff, or anyone duly authorized on her behalf, ever deliver

either copy thereof to the defendants, giving the name of the party so delivering it for plaintiff, together with the time and place where it was so delivered?

Ans. Yes.

3. Are the initials 'A.M.S.' opposite the typed in provisions on page 2 or the inside of defendants' Exhibits A and D in the handwriting of plaintiff, Anna M. Simmermacher?

Ans. Yes.

4. Did the plaintiff approve or authenticate the alterations appearing in said typed in provisions in defendants' Exhibits A and D?

Ans. Yes.

5. (a) Who typed or caused to be typed the alterations, deletions and interlineations appearing on the inside or page 2 of defendants' Exhibits A and D?

Ans: Mrs. Anna M. Simmermacher.

(b) Did plaintiff consent thereto or approve thereof?

Ans. Yes.

6. Did witness, Philip Bartell, see either defendants' Exhibits A or D with the signature of Anna M. Simmermacher thereon on or prior to September 6, 1945?

Ans. Don't Know.

7. Was plaintiff's Exhibit 1, also known as defendants' Exhibits F-1 and its counterpart, defendants' exhibit F-2 executed before or after September 11, 1945?

Ans. Actual date not determined.

8. Did defendants ever give to plaintiff a written notice of intention to exercise their claimed option to renew the purported lease on which they rely, defendants' exhibits A or D?

Ans. Yes.

9. (a) Did James Johnson deliver to Mrs. Eges at the restaurant, plaintiff's exhibit 1, also known as defendants' Exhibit F-1, and its counterpart, defendants' Exhibit F-2, on or about the middle of September 1945?

Ans. Yes.

(b) Was Mrs. Eges then and there informed that said lease was a straight two (2) year lease without option for renewal and did she express her satisfaction therewith?

Ans. No.

10. (a) Did defendants express to Judge Alfred L. Steuer their satisfaction with a straight two-year lease without renewal option?

Ans. No.

(b) Did Judge Steuer deliver to James Johnson the money and notes entrusted to him by defendants with authority from defendants?

Ans. (No answer to this interrogatory)

11. When did Philip Bartell sign as a witness to the signatures of George Eges and Minnie Eges on plaintiff's Exhibit 1, also known as defendants' Exhibit F-1?

Ans. In September 1945."

Inasmuch as this was an action concerning the right of possession only, the defendants were entitled to their right to exercise the option for renewal and are now entitled to possession for the renewal period upon terms and conditions to be determined by the parties by negotiation and agreement.

In the event that the parties are unable to reach an agreement in pursuance of the terms of the lease a court of equity may fix a reasonable rental in a proper action in accordance with the holding of the Supreme Court of Ohio in the case of **Moss v. Olsen, 148 Oh St 625.**[1]

In our opinion in view of the special findings of the jury and in view of the peculiar facts and circumstances presented by this record the only practical question left for determination is the fixing of a reasonable rental for the renewal period. As stated this can be determined by a court under authority of Moss v. Olsen supra.

The question of unenforcibility of the written lease on the ground of indefiniteness is not an issue in this action, which, as previously stated, is for the right of possession only.

---

[1]See: Syllabus *Moss* v. *Olsen, 148 Oh St 625*:

1. Where a written lease for real property provides that the lessee shall have the right to renew and extend such lease for a further term of three years, upon the giving of specified notice, the giving of such notice automatically extends such lease for the duration of such further term of years.

2. Where the lease described in paragraph one above contains the provision that the rental for such extended term shall be subject to agreement between the parties it is implicit in such agreement that the rental shall be a reasonable one.

3. Where all the terms of such a lease are fixed save that the rental for the extended term is to be fixed by agreement between the parties, the fixing of the rental by a court of quity is a matter of form rather than of substance and does not amount to the making of a contract for the parties.

4. Where the lessor refuses to cooperate toward the fixing of the rental for such extended term, a court of equity may fix a reasonable rental in an action for specific performance.

There are other claims of error but upon examination thereof we find none prejudicial to the rights of the plaintiff.

Therefore the judgment of the Municipal Court of Cleveland which in effect allowed the defendants the right of possession, should be and the same is affirmed. Exceptions noted. Order See Journal.

JACKSON, J, concurs.

SKEEL, J, dissents for the reason that the renewal or extension of agreement of lease, if established, is so indefinite that it is unenforceable as a matter of law.